# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00359-CV

---

### Joseph McCullough, Appellant

### v.

### Danielle Weston, in her Representative Capacity as Trustee of the Round Rock Independent School District, Appellee

---

### FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 22-0409-C425, THE HONORABLE JAMES E. MORGAN, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Joseph McCullough filed a notice of appeal from the district court's "oral interlocutory order" issued after McCullough filed a petition seeking Danielle Weston's removal from office as a Trustee of the Round Rock Independent School District. *See* Tex. Loc. Gov't Code § 87.015(b) (authorizing filing of petition for removal from office); *see also id.* § 87.012(14) (listing "a member of the board of trustees of an independent school district" among officers subject to removal). According to McCullough, the district court orally ordered that the removal petition would be dismissed unless the county attorney joined the suit. McCullough's notice of appeal references the statute authorizing permissive interlocutory appeals and requests a stay of trial-court proceedings pending appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d) (identifying circumstances when trial court "may, by *written order*, permit an appeal from an order that is not otherwise appealable") (emphasis added), (e)(2)

(stating that permissive appeal does not stay trial-court proceedings except by agreement of parties or court order).

Our appellate jurisdiction is limited to review of final judgments and certain interlocutory orders identified by statute. *See* Tex. Civ. Prac. & Rem. Code §§ 51.012, .014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Further, a notice of interlocutory appeal "must be filed within 20 days after the judgment or order is *signed*." Tex. R. App. P. 26.1(b) (emphasis added). However, McCullough's notice of appeal references only an "oral interlocutory order." Thus, there is no "signed" interlocutory order necessary for this appeal. Nor is there any "written order" from the trial court allowing McCullough's interlocutory appeal as required by subsection 51.014(d) and related rules of procedure governing permissive appeals. *See id.*; Tex. R. Civ. P. 168 (requiring trial court to state permission to appeal in order to be appealed); *see also* Tex. R. App. P. 28.3(a) ("When a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, a party seeking to appeal must petition the court of appeals for permission to appeal.").

On June 16, 2022, the Clerk of this Court requested a response from McCullough as to the basis for our jurisdiction over this appeal and stated that failure to file the response by June 27, 2022, could result in dismissal of this appeal. *See* Tex. R. App. P. 42.3. No response has been filed. Accordingly, we dismiss the appeal for want of jurisdiction. *See id.*

_____

Darlene Byrne, Chief Justice

2

Before Chief Justice Byrne, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed:   July 14, 2022